IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH HOWARD GEORGE,          :
                              :
        Petitioner,           :   CIVIL NO. 3:CV-06-0358
                              :
v.                            :   (Judge Caputo)
                              :
PENNSYLVANIA ATTORNEY         :
GENERAL, *et al.*,            :
                              :
        Respondents.          :

## **MEMORANDUM**

### **BACKGROUND**

Petitioner, Keith Howard George, an inmate at the State Correctional Institution in Dallas, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254.

Petitioner's first motion to appoint counsel (Doc. 17) was denied. In its Order denying the motion, the Court stated that, if future proceedings demonstrate the need for counsel, the matter would be reconsidered either on the Court's own initiative or upon a motion properly filed by Petitioner. Pending before the Court is Petitioner's motion for appointment of counsel (Doc. 32) in which he includes new reasons to support his request for counsel. For the reasons that follow, the motion will be denied.

### **DISCUSSION**

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752 (1991), the Court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . . ." *See*

18 U.S.C. § 3006A(a)(2);[1] *see also Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).

In *Tabron*, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the United States Court of Appeals for the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimant's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation, (4) the claimant's capacity to retain counsel on his own behalf, (5) the extent to which the case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

---

1. Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

In support of his motion, Petitioner avers that he has overcome the threshold hurdle of demonstrating that his case has arguable merit. (Doc. 32 at 2). Petitioner further asserts that his inability to present his own case is demonstrated by the fact that a fellow inmate prepared his petition for writ of habeas corpus and performed "all the work" in his state and federal cases. (*Id.*) Petitioner states that this other inmate was about to be released from incarceration and, because Petitioner will not be permitted to have contact with a former inmate, the circumstances indicate that "substantial prejudice" would result if counsel is not appointed. (*Id.*, citing *Smith-Bey*, 741 F.2d at 26).

Petitioner's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Although Petitioner claims that another inmate prepared his petition and performed work on his case, he does not state that he is incapable of presenting comprehensible arguments or investigating relevant facts. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for expert testimony, and the case is not likely to turn on credibility determinations. Thus, the Court cannot say that Petitioner will suffer prejudice if he is forced to prosecute this case on his own. Consequently, the motion for appointment of counsel will be denied. An appropriate Order follows.

December 11, 2007                           s/ A. Richard Caputo
                                                                                A. RICHARD CAPUTO
                                                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH HOWARD GEORGE, : | |
| : | |
| Petitioner, : | CIVIL NO. 3:CV-06-0358 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| PENNSYLVANIA ATTORNEY : | |
| GENERAL, *et al.*, : | |
| : | |
| Respondents. : | |

## ORDER

**AND NOW, THIS 11th DAY OF DECEMBER, 2007,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for appointment of counsel (Doc. 32) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the Court on its own initiative or upon a motion properly filed by the Petitioner.

    s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge