IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH HOWARD GEORGE, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-0358 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| SUPERINTENDENT WYNDER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

Petitioner Keith Howard George, an inmate confined at the Dallas State Correctional Institution ("SCI-Dallas") in Dallas, Pennsylvania, commenced this action by filing a *pro se* Petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1.)  George challenges his 1995 conviction in the Lebanon County Court of Common Pleas of first-degree murder.  For the reasons set forth below, the Petition will be dismissed.

**BACKGROUND**

On March 16, 1995, a jury found George guilty of two counts of first-degree murder in connection with the shooting deaths of his former girlfriend and her boyfriend at her North Annville Township home on or about July 16, 1994. (Doc. 1 at 18, 9/6/2005 Memorandum of Pennsylvania Superior Court affirming denial of Second PCRA Petition.)  On March 29, 1995, George was sentenced to two consecutive terms of life imprisonment.  (*See id.*)  The Pennsylvania Superior Court affirmed the judgment of sentence on November 21, 1997, and

on November 4, 1998, the Pennsylvania Supreme Court denied allocatur. *Commonwealth v. George*, 707 A.2d 548 (Pa. Super. 1997) (unpublished memorandum), *allocatur denied*, 732 A.2d 612 (1998) (Table).

On September 15, 1999, George filed his first petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA").  George raised the following issues: (1) ineffective assistance of trial counsel for failing to produce subpoenaed key defense witnesses; (2) denial of a fair trial where, even after a request, the prosecutor withheld exculpatory evidence material to George's innocence; (3) ineffective assistance of trial counsel for failing to call alibi witnesses at trial; and (4) ineffective assistance of original post-conviction counsel for failing to call the coroner during an evidentiary hearing where the time of death was and remains a significant issue. (*See George v. Lavan*, Civil No. 3:01-CV-2233, Doc. 7 at 12, 5/4/2001 Pennsylvania Superior Court Memorandum affirming denial of First PCRA Petition.)   An amended petition subsequently was filed by George's appointed counsel.  (*See* Doc. 1 at 19.)  On February 2, 2000, following a hearing, the PCRA Petition was denied.  (*See id.*)

On appeal, the Pennsylvania Superior Court affirmed the denial of relief based on the mistaken belief that the PCRA Petition was untimely filed.  (*See id.* (citing *Commonwealth v. George*, 778 A.2d 1241 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 788 A.2d 373 (2001) (Table)).  Specifically, the Pennsylvania Superior Court was under the mistaken belief that, following their

November 21, 1997 decision affirming his judgment of sentence, George did not seek further review with the Pennsylvania Supreme Court.  (*See George v. Lavan*, Civil No. 3:01-CV-2233, Doc. 7 at 14.)   Thus, the Court concluded that George's judgment of sentence became final on December 21, 1997, upon expiration of the thirty (30) day time period in which to seek allocatur.  (*See id.*)  As a result, the Court determined that the PCRA Petition, filed on September 15, 1999, was untimely because it was filed more than one year from the date his judgment of sentence became final.  (*See id.* (citing 42 Pa. Cons. Stat. § 9545(b)(1)).

On November 21, 2001, George filed a Petition for writ of habeas corpus in this Court.  (*See George v. Lavan*, Civil No. 3:01-CV-2233.)  In that case, George submitted documentation with his reply indicating that the Pennsylvania Superior Court incorrectly determined that his PCRA Petition was untimely filed.  (*See id.*, Doc. 11.)  Accordingly, by Order dated March 1, 2002, this Court directed the respondents in that case to submit relevant documentation and a memorandum of law addressing the time bar and exhaustion issues.  (*See id.*, Doc. 12.)  In their Memorandum, the respondents stated that, following a thorough review of their files, they were constrained to agree with Petitioner that he had sought allocatur with the Pennsylvania Supreme Court, and thus his judgment of sentence did not become final until February 2, 1999.  (*See id.,* Doc. 16.)  Therefore, they agreed that his PCRA Petition, filed on September 15, 1999, was timely filed before the expiration of the one-year time limit on February

2, 2000.  (*See id.*)

On September 27, 2002, this Court issued a Memorandum and Order in which it noted that the PCRA Petition had been timely filed.  (*See id.*, Doc. 24.) The Petition for writ of habeas corpus was dismissed for failure to exhaust state court remedies without prejudice to any rights George may have had to pursue further remedies in the Pennsylvania Courts.  (*See id.*)

George did not seek redress in the Pennsylvania Superior Court regarding its error as to the timeliness of his PCRA Petition.  Instead, on October 30, 2002, he filed a second PCRA Petition with the PCRA Court raising entirely new issues.  (*See* Doc. 1 at 19.)  George raised the following issues: (1) ineffective assistance of trial counsel for failing to impeach Trooper Pfautz with regard to the time at which George became a suspect in the shooting deaths of his former girlfriend and her boyfriend; (2) ineffective assistance of trial counsel for failing to raise the issue on direct appeal that the testimony of a prison informant, William Eck, should have been suppressed; and (3) ineffective assistance of original PCRA counsel for withdrawing the claim before the hearing on the first PCRA Petition that trial counsel was ineffective for not raising the issue as to Eck's testimony on appeal.  (*See id.* at 26-33, 10/8/2004 Opinion of PCRA Court denying Second PCRA Petition.)  On January 27, 2004, the PCRA Court conducted a hearing on George's Second PCRA Petition.  (*See* Doc. 24, transcript of 1/27/2004 hearing.)  In an Opinion issued on October 8, 2004, the PCRA Court determined that the Second PCRA Petition was untimely.  (*See*

Doc. 1 at 27-29.)  However, the PCRA Court also analyzed the merits of the second PCRA Petition and determined that George failed to meet his burden to demonstrate his three ineffective assistance of counsel claims, and thus declined to grant him relief.  (*See id.* at 29-33.)

On September 6, 2005, the Pennsylvania Superior Court affirmed the PCRA Court's decision, agreeing that the second PCRA Petition was untimely, and rejecting George's argument that his claims fell under the after-discovered evidence exception of the time limitations set forth in the PCRA.  (*See id.* at 18-23.)  On December 19, 2005, the Pennsylvania Supreme Court denied George's Petition for Allowance of Appeal.  (*See id.* at 16, 12/19/05 Order of Pennsylvania Supreme Court.)

On February 16, 2006, George filed the instant Petition for writ of habeas corpus raising the three issues that were raised in the second PCRA Petition.  (*See* Doc. 1 at 5-8.)  George also raises an additional ground.  He claims that, when this Court dismissed his first Petition for writ of habeas corpus for failure to exhaust his state court remedies, it restored his right to file a PCRA Petition raising any issue, including issues that were not raised in his first PCRA Petition.  (*See id.* at 9.)

On March 6, 2006, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued a formal notice to George that he either could have his petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-

year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. 7.)  On March 13, 2006, George filed a Notice of Election requesting that the Court rule on the Petition as filed.  (Doc. 8.)  Accordingly, an Order to Show Cause was issued on March 15, 2006 and served on the Warden of SCI-Dallas, the Pennsylvania Office of Attorney General, and the Lebanon County District Attorney's Office.  (Doc. 9.)  The Pennsylvania Office of Attorney General subsequently referred the case to the Lebanon County District Attorney in light of the District Attorney's access to the records necessary to respond to the Petition.  (Doc. 14)  Following a request for an extension of time to file a response, which was granted, on May 25, 2006, the Lebanon County District Attorney filed an Answer (Doc. 19), a Memorandum of Law (Doc. 20), and Exhibits (Docs. 21-28).  George submitted his Reply (Doc. 29) on June 8, 2006.  Accordingly, the matter is ripe for disposition.

## DISCUSSION

**Timeliness of Petition**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody.  28 U.S.C. § 2244(d)(1).  George's direct appeal proceedings

concluded on November 4, 1998 when the Pennsylvania Supreme Court denied allocatur.  The judgment of sentence became "final" within the meaning of § 2244(d)(1) upon the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Sup. Ct. R. 13.  Accordingly, George's judgment of sentence became final on or about February 2, 1999, and he had one year from that date, or until February 2, 2000, to file his federal petition.

However, the Third Circuit Court of Appeals has held that "[t]he statute of limitations for federal habeas petitions is subject to two exceptions: (1) statutory tolling during the time a 'properly filed' application for post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)); *see also Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004).  George does not meet the requirements to fall within either of these exceptions.

**Statutory Tolling**

In computing the one-year period during which a person in state custody may file a petition for writ of habeas corpus, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Taylor v. Horn*, 504 F.3d 416, 426 (3d Cir. 2007). A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b).

A petition that is untimely filed under state law does not toll the federal limitations period. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). A federal court cannot challenge a state court's determination that a state postconviction petition was untimely under state law. *Pace*, 544 U.S. at 414. Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

In this case, the statute of limitations began running on February 2, 1999 when George's conviction became final and was tolled on September 15, 1999, the date he filed his first PCRA Petition. At that point, he still had four (4) months and eighteen (18) days remaining to file a federal habeas petition (*i.e.,* from

September 15, 1999 through February 2, 2000). The statute of limitations began running again upon conclusion of the PCRA proceedings with the Pennsylvania Supreme Court's denial of George's Petition for Allowance of Appeal on October 23, 2001. Therefore, George would have had four (4) months and eighteen (18) days from October 23, 2001, or until March 13, 2002, to timely file a federal habeas petition. Accordingly, the instant Petition, filed on February 16, 2006, is not timely.

George's second PCRA Petition, filed on October 30, 2002, did not toll the statute of limitations because the PCRA Court and Pennsylvania Superior Court determined that it was not timely filed under state law. *See Satterfield,* 434 F.3d at 192 (citing *Pace*, 544 U.S. at 417). Moreover, because the second PCRA Petition was filed after the expiration of the federal limitations period, there was nothing left to be tolled. *See Tinker*, 255 F.3d at 1333. Therefore, Covert is not entitled to statutory tolling.

**Equitable Tolling**

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised

9

reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).  Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).  However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

George argues that he is entitled to equitable tolling of the federal limitations period because the Pennsylvania Superior Court erroneously deemed his first PCRA Petition untimely.  (*See* Doc. 29, Petitioner's Reply, at 3-4.)  He claims that this Court's September 27, 2002 Order dismissing his first Petition for writ of habeas corpus was a "remand order," and that on remand, his second PCRA Petition raising new issues should have been treated as a timely filed first PCRA petition.  (*See id.*)

While it is true that the Pennsylvania Superior Court erroneously deemed George's first PCRA Petition to be untimely, George did not diligently pursue his rights with respect to the issues raised in that Petition after this Court dismissed his first Petition for writ of habeas corpus.  Thus, he has not demonstrated that he is entitled to equitable tolling on that basis.  Moreover, this Court's September 27, 2002 Order dismissing George's first Petition for writ of habeas corpus did not remand the case to any court.  Rather, it stated that George's Petition was dismissed "without prejudice to any rights the Petitioner *may* have to seek further review in the Pennsylvania Courts."  (*See George v. Lavan*, Civil No. 3:01-CV-2233, Doc. 24 at 5) (emphasis added).  This Court's September 27, 2002 Order also did not state that George was entitled to file a second PCRA Petition raising entirely new issues and to have that petition treated as if it were his first PCRA Petition.

Because George abandoned the issues he raised in his first PCRA Petition and first Petition for writ of habeas corpus, and instead filed a second PCRA Petition raising entirely new issues, this Court cannot say that he has been prevented in some extraordinary way from pursuing his rights.  George contended that the issues he raised in his second PCRA Petition fell under the after-discovered evidence time of filing exception of the PCRA.  *See* 42 Pa. Cons. Stat. § 9545(b)(1)(ii).  However, the Pennsylvania Superior Court determined that George could have discovered these issues before he filed his first PCRA Petition.  (*See* Doc. 1 at 21-22.)  For these reasons, George is not entitled to equitable tolling.

11

## CONCLUSION

For the foregoing reasons, the Petition for writ of habeas corpus (Doc. 1) will be dismissed as untimely. Based upon the above analysis, a certificate of appealability will be denied. However, George is advised that he has the right for thirty (30) days to appeal the Order denying his Petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(1)(a)(A), and that the denial of a certificate of appealability does not prevent him from doing so, as long as he seeks, and obtains, a certificate of appealability from the Court of Appeals for the Third Circuit. *See* Fed. R. App. P. 22(b). An appropriate Order follows.


November 21, 2008                          s/ A. Richard Caputo
                                           A. RICHARD CAPUTO
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH HOWARD GEORGE, :
:
       Petitioner, : CIVIL NO. 3:CV-06-0358
:
v. : (Judge Caputo)
:
SUPERINTENDENT WYNDER, *et al.*, :
:
       Respondents. :

## **ORDER**

**AND NOW, THIS 21st DAY OF NOVEMBER, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

2. The Clerk of Court shall **CLOSE** this case.

3. A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c).

                                                  s/ A. Richard Caputo
                                                  A. RICHARD CAPUTO
                                                  United States District Judge